IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-1201-NYW-STV

JENNIFER WILLIAMS, individually and as Personal Representative of

THE ESTATE OF JESSE WILLIAMS, deceased, and on behalf of Minor Child, C.W.

    Plaintiffs,

v.

INTERVENTION, INC.;

MICHAEL MADRIL, in his individual capacity; and

DR. CONSTANTINE TSAMASFYROS, in his individual capacity.

    Defendants.

_____

**FIRST AMENDED PROTECTIVE ORDER**

_____

    The discovery sought by the parties in the above-referenced action (the "Litigation") is believed to involve production of documents and things containing business, competitive, proprietary, trade secret, or other information of a sensitive nature about the parties (or about other persons whose information the parties are under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into this Amended Protective Order (the "Order") to govern the production of documents and testimony containing Confidential Information, for good cause shown, the Court hereby ORDERS as follows:

**Designation of Confidential Information**

    1.    *Designation of Confidential Material.* Documents and other things claimed

1

to be or to contain Confidential Information will, prior to production, be marked in a conspicuous manner by the producing party as "Confidential." Placement of the "Confidential" designation on each confidential page or on the initial page of a confidential document when it is produced shall constitute notice and shall designate the document as Confidential Material. Copies, extracts, summaries, notes, and other derivatives of Confidential Material shall also be deemed Confidential Material and be subject to the provisions of this Order.

2. *Subsequent Designation.* Documents and materials produced in the Litigation that are not identified as Confidential Information or Confidential Material when initially produced may, within a reasonable time after initial production, be designated as Confidential by the producing party, any party receiving the production, or any other person, by providing written notice to counsel for all other parties and to any other persons who may be involved. Each party or person who receives such written notice must endeavor to retrieve any Confidential Material that may have been disseminated, must affix a "Confidential" designation to it, and may thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. *Designation of Depositions.* Depositions or portions thereof, whether upon oral examination or upon written questions, may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information must give notice of such claim to the other affected parties and persons either prior to the deposition, during the deposition, or within twenty-eight days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof will be designated as Confidential.

## Access to Confidential Information

4. *General Access.* Except as otherwise expressly provided in this Order or ordered by the Court, Confidential Information and Confidential Material may be revealed only as follows:

    (a)    to outside counsel for a party to the Litigation (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the Litigation);

    (b)    to the parties to the Litigation, including the designated representatives of those parties that are legal entities;

(c) to court reporters transcribing a deposition, hearing, or other proceeding in this matter;

(d) to independent experts and independent consultants (meaning persons who are retained by a party or a party's counsel in good faith for the purpose of assisting in the Litigation);

(e) to any representatives of the parties' insurance carriers, including, but not limited to, claims adjusters, consultants, and third-party adjusters;

(f) to the settlement conference mediators or arbiters, if any, used in the Litigation to formulate opinions regarding the issues in the case;

(g) to any witness with prior knowledge of the information to be disclosed; and

(h) to any other persons who may potentially testify as witnesses at trial, with the exception of any witness who is a competitor of any of the parties to this matter.

Nothing in this Order prevents the producing party from showing Confidential Material to an employee of that party.

5. *No Copies/Notes.* Except for use by counsel for the parties and their independent experts and consultants, for Court and deposition copies, and for such use as is expressly permitted under the terms of this Order, no person granted access to Confidential Information or Confidential Material shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof, take notes regarding, or otherwise summarize the contents of such Confidential Information or Confidential Material.

6. *Disputes over Access.* Except as permitted by Paragraph 17 of this Order, the parties and their representatives (including, but not limited to, attorneys, insurance adjustors, expert witnesses, health care provider, and support personnel for such persons) may not disclose Confidential Information or Confidential Material to any persons or entities, including any non-party databases, information vendors, or other persons or entities, other than those identified in Paragraph 4 of this Order, without first obtaining an order of the Court or specific written permission of all parties' counsel. If a dispute arises as to whether a particular person should be granted access to Confidential Information or Confidential Material, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the

information.

7. *Responsibility of Compliance.* Counsel for any party who discloses Confidential Information or Confidential Material will be responsible for ensuring compliance with the terms of this Order with respect to persons to whom such Confidential Information or Confidential Material is disclosed and must maintain a list of all persons to whom any Confidential Information or Confidential Material is disclosed. The list may take any form agreed upon by counsel for the parties.

### Use of Confidential Information and Confidential Material

8. *Use in This Litigation Only.* Confidential Information and Confidential Material may be used only for purposes of this Litigation. Each person to whom the disclosure of any Confidential Information or Confidential Material is made must not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided by this Order.

9. *Use at Depositions.* If Confidential Information or Confidential Material is to be discussed or disclosed during a deposition, all parties shall have the right to exclude from attendance at the deposition, during the time the Confidential Information or Confidential Material is to be discussed, any person not entitled under this Order to receive the Confidential Information or Confidential Material.

10. *Use at Court Hearings and Trial.* Subject to the Colorado Rules of Evidence, Confidential Information or Confidential Material may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information or Confidential Material gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information or Confidential Material may not be disclosed to the jury.

11. *Filing as Suppressed.* Each document filed with the Court that consists of Confidential Material or contains any Confidential Information shall be filed either: (a) electronically, through the Colorado Courts E-Filing System, as Suppressed; or (b) in a closed envelope, which has been glued shut, or in another appropriate container which counsel for all parties have agreed upon, on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that

the envelope is not to be opened, nor the contents thereof revealed, except to counsel of record in the Litigation, to court personnel, or in accordance with an order of the Court. Copies of such documents served on counsel for other parties must be conspicuously marked as Confidential. <u>Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. The party seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.</u>

12. *Reasonable Precautions.* Counsel for each party will take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information or Confidential Material.

### Other Provisions

13. *Not a Waiver.* Nothing in this Order may be construed as a waiver of the parties' rights to assert motions to compel, motions for protective orders, or other appropriate relief regarding disclosures and discovery in this lawsuit, nor may the disclosure of Confidential Information or Confidential Material in accordance with this Order be construed as a waiver of confidentiality and privilege by any party to the Litigation.

14. *Not an Admission.* Nothing in this Order may constitute an admission by any party that information or material designated as Confidential is actually Confidential Information or Confidential Material. Furthermore, nothing in this Order may preclude the parties or any other person from raising any available objection or seeking any available protection with respect to any Confidential Information or Confidential Material, including, but not limited to, on grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

15. *Objections.* A party may object to the designation of particular information or material as Confidential Information or Confidential Material by giving written notice to the party designating the disputed information. The written notice must identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, the parties shall **jointly** contact Chambers pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ VI.3–4. If this procedure is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be

treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

16. *Termination of the Action.* The termination of this action will not relieve counsel or other persons bound by this Order from their responsibility to maintain the confidentiality of Confidential Information and Confidential Material in accordance with this Order, and the Court will retain continuing jurisdiction to enforce the terms of this Order, even after this action is terminated.

17. *Miscellaneous.* This Order will apply to the production of all materials, whether such materials are produced informally or in response to a formal discovery request or Court order in this litigation. Nothing in this Order will prohibit, restrict, or require an authorization for the retention, use, or disclosure of nonpublic records or protected material as authorized or as reasonably required by federal or state law or regulation, or by court order or rule (including preservation of evidence relevant to litigation under court rules such as *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004)).

**Protected Health Information Produced by Northglenn Ambulance, Inc., n/k/a NAEMS LEGACY COMPANY**

18. This order prohibits the parties from using or disclosing protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

19. This Order requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

20. This Order shall remain in force, and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the purpose of enforcement of its provisions.

The parties having stipulated and agreed hereto, it is SO ORDERED, this ___1st___ day of _____October_____, 2024.

BY THE COURT:

_____

Scott T. Varholak
United States Magistrate Judge